**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

EDDITH GETHERS-TRENT, individually )
and on behalf of all others similarly situated, )
                                       )
                 Plaintiff,         )      Case No.
                                         )
       v.                                )
                                         )
ORTHONET, LLC,                     )      JURY DEMANDED
                                         )
                Defendant.       )

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Eddith Gethers-Trent ("Plaintiff"), individually and on behalf of all other persons similarly situated, known and unknown, through her attorneys, and for her Complaint against Defendant Orthonet, LLC ("Orthonet" or "Defendant"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.       This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.* ("NYMWA"), and the New York Payment of Wages Act, N.Y. Lab. Law § 190 *et seq.* ("NYPWA"), for Defendant's failure to pay Plaintiff and other similarly situated persons all earned regular and overtime pay for all time worked.

2.       Defendant manages, controls and operates customer service call centers within this judicial district and manages and controls the telephone-based workers who are the putative class members in this lawsuit.

3.       Defendant knowingly required and/or permitted Plaintiff, who worked as a telephone-dedicated employee in the position of Provider Service Representative, and other similarly situated telephone-dedicated employees, to perform unpaid work before and after the

start and end times of their shifts, including but not limited to booting up computers, initializing several software programs, reading company issued emails and instructions, and completing customer service calls.

4.    In addition, Defendant was aware that Plaintiff and those similarly situated to her also performed work for Defendant on their break periods, including meal breaks, for which they were not paid.  The work that Plaintiff and similarly situated employees performed during break periods includes, but is not limited to, completing customer orders, finishing customer service calls, logging back into the phone system, re-booting their computers, and initializing software programs.

5.    The amount of uncompensated time Plaintiff and those similarly situated to her spend or have spent on these required and unpaid work activities averages approximately 15-20 minutes per day per person.

6.    Plaintiff brings her FLSA overtime claims as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of telephone-dedicated employees who worked outside of New York.

7.    Plaintiff brings her NYMWA overtime claims and NYPWA unpaid wage claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of New York telephone-dedicated employees.

## JURISDICTION AND VENUE

8.    This Court has original jurisdiction over Plaintiff's FLSA claims in this action under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9.    This Court has supplemental jurisdiction over all class claims in this action under 28 U.S.C. § 1367.

10.    Venue is proper in this Court as the illegal conduct alleged herein occurred in this

district.

## THE PARTIES

11.     Plaintiff Eddith Gethers-Trent is an individual who Defendant employed from approximately July 2012 to approximately December 2012 as an hourly, non-exempt employee in Defendant's call center in White Plains, New York.

12.     Orthonet, LLC is a New York for-profit limited liability company.  Orthonet is headquartered in White Plains, New York.

13.     Orthonet is the leading orthopedic specialty benefit management company in the United States.  Its customers include health maintenance organizations, medical groups, IPAs, indemnity insurers, preferred provider organizations, managed care organizations, workers' compensation insurers, and other payors.

14.     Defendant Orthonet issued paychecks to Plaintiff and certain of the similarly situated employees.

15.     Defendant employed Plaintiff and other similarly situated persons as "employees," as that term is defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e), the NYMWA, N.Y. Lab. Law § 651, and the NYPWA, N.Y. Lab. Law § 190.

16.     At all relevant times, Defendant was an "employer" of Plaintiff and other similarly situated persons, as that term is defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d), the NYMWA, N.Y. Lab. Law § 651, and the NYPWA, N.Y. Lab. Law § 190.

## FACTUAL ALLEGATIONS

### A.    Defendant's Practice of Requiring and/or Permitting Telephone-Based Hourly Employees to Work Before the Start of Their Scheduled Shift Time

17.    Defendant operates and has operated "call centers" in New York and across the nation where telephone-dedicated employees similar to Plaintiff handle phone calls regarding benefit services offered by Defendant to its customers.

18.    Defendant earns revenue from the services of Plaintiff and other similarly situated telephone-dedicated employees.

19.    Prior to starting work on the call center floor, Plaintiff and other similarly situated telephone-based employees were and are interviewed by employees and managers of Defendant.

20.    Defendant had the power to hire and fire Plaintiff and other persons similarly situated.

21.    At the White Plains, New York call center where Plaintiff worked, managers Defendant employed were always working on the floor of the call center during the workday, managing the work activities of the Plaintiff and other similarly situated persons.

22.    Defendant does not allow telephone-based employees to use Defendant's phones and computers for any personal use.  Additionally, Defendant generally prohibits and does not allow telephone-based employees to use their own personal cell phones on the call center floor. Under Defendant's policies and practices, telephone-based employees are required to store their personal cell phones during the work day and can generally only use them on breaks and off the call center floor.

23.    At the White Plains, New York call center where Plaintiff worked, Defendant's managers on the call center floor could and did regularly see with their own eyes that Plaintiff and similarly situated telephone-based employees arrived at their work stations before the start of

4

their scheduled shift time, logged into Defendant's computers, and began working on their computers prior to the start of their scheduled shift time.

24.     Despite seeing and knowing that Plaintiff and similarly situated telephone-based employees performed work at their work stations prior to their scheduled shift time start, Defendant and its managers on the floor of the call center did not make any effort to stop or otherwise disallow this pre-shift work and instead allowed and permitted it to happen.

25.     Defendant possesses, controls and/or has access to information and electronic data that shows the times Plaintiff and similarly situated telephone-based employees logged into their computers each day and the time they logged into their telephone systems.

26.     By possessing, controlling and/or accessing this information, Defendant knew that Plaintiff and similarly situated telephone-based employees worked prior to the start of their scheduled shift time.

27.     Despite having this information and knowing that Plaintiff and similarly situated telephone-based employees logged into their computers, initialized necessary software programs, and read company issued emails and instructions prior to the start of their scheduled shift time, Defendant did not make any effort to stop or otherwise disallow this pre-shift work and instead allowed and permitted it to happen.

28.     Defendant knowingly required and/or permitted Plaintiff and those similarly situated to her to perform unpaid work before and after the start and end times of their shifts, including but not limited to booting up computers, initializing several software programs, and reading company issued emails and instructions prior to the start of their scheduled shift time, and completing customer service calls, closing down the software programs, and logging off the system after the end of their scheduled shift times.

29.     In addition, by having managers on the call center floor and having access to the electronic data, among other things, Defendant was aware that Plaintiff and those similarly situated to her also performed work for Defendant on their break periods, for which they were not paid.  The work that Plaintiff and similarly situated employees performed during break periods includes, but is not limited to, completing customer orders, finishing customer service calls, logging back into the phone system, re-booting their computers and initializing software programs.

30.     The amount of uncompensated time Plaintiff and those similarly situated to her spend or have spent on these required and unpaid work activities averages approximately 15-20 minutes per day per person.

31.     Defendant monitored and directed the work activities of Plaintiff and other similarly situated persons, including the unpaid work at issue.

**B.     Defendant Knew of and Assented to the Pre-Shift Work**

32.     Defendant's policy and practice permits and/or requires telephone-based employees to be logged into their phones by the employee's scheduled start time.

33.     In order to be logged into Defendant's telephone systems, Defendant required and/or permitted Plaintiff and similarly situated telephone-based employees to arrive at their work station prior to their scheduled shift time and boot up computers, initialize several software programs, and read company emails and instructions.

34.     Defendant's policy and practice is to discipline telephone-based employees if they are not logged into their phones and ready to handle calls by the start of their scheduled shift time.

35.     This policy and practice of Defendant results in requiring telephone-based employees, including the Plaintiff, to boot up their computers, initialize several software

programs and/or read company emails and instructions prior to the start of their scheduled shift time.

36.     As set forth herein, via its policies and practices and through its own telephone and computer systems, Defendant knew and was aware that the telephone-based employees performed work prior to the start of their scheduled shift.

37.     Defendant did not instruct Plaintiff and similarly situated telephone-based employees to not log into their computers or telephone, or to not read company emails prior to the start of their scheduled shift time.  Rather, Defendant required, permitted and/or allowed Plaintiff and the putative class members to work prior to their scheduled shift time.

38.     By knowing of, permitting and/or requiring Plaintiff and similarly situated telephone-based employees to log into their computers, initialize their various software programs and/or read company email and instructions prior to the start of their scheduled shift time, Defendant assented to them performing this work.

C.     ***Defendant's Failure to Pay Regular and/or Overtime Wages to Its Telephone-Based Hourly Employees***

39.     Defendant determined the rate of pay for Plaintiff and other similarly situated persons.

40.     Plaintiff and other similarly situated persons submitted their timesheets to Defendant's managers for review prior to receiving their paychecks.  These timesheets were reviewed and approved by employees of Defendant.

41.     Defendant supervised and controlled the work schedule of Plaintiff and other similarly situated persons.

42.     Plaintiff and those employees similarly situated are individuals who were, or are, employed by Defendant in customer service, sales, and similar positions at Defendant's call

centers who were not paid for some or all of their work activities prior to the beginning of their shifts, during meal and rest breaks, or after the end of their shifts.

43.     Plaintiff and the other employees are similarly situated to one another because their duties consisted primarily of selling benefit services offered by Defendant to its customers while working in Defendant's call centers.  Plaintiff and others similarly situated all shared similar policies, job titles, job descriptions, training, job duties and compensation, among other things.

44.     Plaintiff and the other employees are also similar because Defendant did not pay them for all time they actually worked.  Defendant knowingly required Plaintiff and the similarly situated individuals to perform unpaid work before and after their scheduled shifts, including but not limited to booting up computers, initializing several software programs, reading company emails and instructions, and completing customer service calls.  Additionally, Defendant was aware that Plaintiff and those similarly situated to her also performed work for Defendant on their break periods, for which they were not paid.

45.     The net effect of Defendant's policies and practices, instituted and approved by company managers, is that Defendant willfully failed to pay regular and overtime compensation to Plaintiff and others similarly situated, and willfully failed to keep accurate time records to save payroll costs.  Defendant thus enjoyed ill-gained profits at the expense of its hourly employees.

46.     Plaintiff and others similarly situated at times work or worked in excess of 40 hours per week for Defendant in a given workweek.

47.     Defendant's policy and practice of requiring and/or permitting its employees, including Plaintiff and other non-exempt, hourly employees, to perform work without pay for such work performed, violates Section 6 of the FLSA, 29 U.S.C. § 206, the NYMWA, N.Y.

Lab. Law § 652, and the NYPWA, N.Y. Lab. Law § 191.

48.    Defendant's policy and practice of requiring its employees to perform work without pay in many instances has caused and continues to cause Plaintiff and certain other similarly situated hourly employees to work in excess of 40 hours per week, without being properly compensated at a wage of 1.5 times their respective hourly rate for such work performed, as required by Section 7 of the FLSA, 29 U.S.C. § 207, and the NYMWA, 12 NYCRR § 142-2.2.

49.    Defendant's failure to compensate its non-exempt, hourly call center employees with the full amount of the applicable regular wage or overtime wage has caused Plaintiff and other similarly situated non-exempt call center employees to suffer harm.

50.    Defendant's non-exempt, hourly call center employees are entitled to compensation for all time they worked without pay in any given workweek.

**D.    *Defendant's Failure to Pay Agreed-Upon Hourly Rates for Work to Which Defendant Assented***

51.    At all times relevant hereto, Defendant paid, and agreed to pay, Plaintiff and similarly situated employees in New York more than the federal and state minimum wage.

52.    For example, Defendant's agreement as of the time Plaintiff stopped working was to pay Plaintiff $16.50 per hour for all work Defendant permitted and/or required of her, which is more than the applicable federal and state minimum wage.

53.    At all times relevant hereto, Defendant agreed to pay Plaintiff and a class of similarly situated New York employees more than the state minimum wage for all work permitted and/or required by Defendant.

54.    At all times relevant hereto, Defendant agreed to compensate its hourly employees for all "work" that Defendant required and/or permitted.

55.     Booting up computers, initializing several software programs, reading company email or instructions is "work" for which Plaintiff and similarly situated New York employees are entitled to their agreed-upon rate of pay.   Additionally, working during breaks and completing calls and logging off their phones and computers is "work" for which Plaintiff and similarly situated New York employees are entitled to their agreed-upon rate of pay.

56.     Despite its agreement to pay Plaintiff and similarly situated New York employees more than the statutory minimum wage for their work, and despite assenting to the work described herein, Defendant did not pay Plaintiff and certain other similarly situated New York employees their agreed-upon rate for performing all work permitted, required and/or assented to by Defendant.   This work includes the time spent booting up their computers, initializing their software programs for their calls, and reading company email and instructions prior to the start of their scheduled shift time; the time spent completing customer service calls, closing down the software programs, and logging off the system after the end of their scheduled shift times; and the break time spent completing customer orders, finishing customer service calls, logging back into the phone system, re-booting their computers and initializing software programs.

57.     Defendant's failure to compensate Plaintiff and other similarly situated New York employees at their agreed-upon wage for work they permitted, required and/or assented to has caused Plaintiff and other similarly situated employees to suffer harm.

## COLLECTIVE ACTION ALLEGATIONS

58.     Plaintiff brings Count I of this Complaint as a collective action on behalf of herself and all other current and former hourly employees of Defendant who Defendant required to perform the work described herein without pay at any time during the three years prior to the commencement of the action to the present.

59.     Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over 40 hours per workweek.  That is, Plaintiff worked with other telephone dedicated employees who worked at the Orthonet call center.  As such, she has first-hand personal knowledge that the same pay violations occurred to other class members.  Furthermore, other telephone-dedicated employees at the Orthonet call center have shared with her similar pay violation experiences as those described in this complaint.

60.     Other employees similarly situated to Plaintiff work or have worked at the Orthonet call center, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded 40 hours per workweek.

61.     Although Defendant permitted and/or required the FLSA Class Members to work in excess of 40 hours per workweek, Defendant has denied them full compensation for their hours worked over 40.  Defendant has also denied them full compensation at the federally mandated minimum wage rate.

62.     FLSA Class Members perform or have performed the same or similar work as Plaintiff.

63.     FLSA Class Members regularly work or have worked in excess of 40 hours during a workweek.

64.     FLSA Class Members are not exempt from receiving overtime pay at the federally mandated wage rate under the FLSA.

65.     As such, FLSA Class Members are similar to Plaintiff in terms of job duties, pay structure, and the denial of overtime and wages.

66.     Defendant's failure to pay an overtime compensation wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the

personal circumstances of the FLSA Class Members.

67.     The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the FLSA Class Members.

68.     The specific job titles or precise job responsibilities of each FLSA Class Member do not prevent collective treatment.

69.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of 40 during a workweek.

70.     Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

71.     As such, Plaintiff brings her FLSA overtime as a collective action on behalf of the class defined in paragraph 72.

72.     Plaintiff's Counsel seeks to send notice of this lawsuit to the following described persons:

> All persons who worked for Defendant as telephone-dedicated employees, however titled, who were compensated, in part or in full, on an hourly basis throughout the United States at any time between October 1, 2012 and the present who did not receive the full amount of overtime wages earned and owed to them.

73.     There are questions of law or fact common to the employees described in paragraph 72.

74.     Plaintiff is similarly situated to the employees described in paragraph 72, as Plaintiff's claims are typical of the claims of those persons.

75.     Plaintiff's claims or defenses are typical of the claims or defenses of the persons

described in paragraph 72.

76.     This is not a collusive or friendly action.  Plaintiff has retained counsel experienced in complex employment litigation, and Plaintiff and her counsel will fairly and adequately protect the interests of the persons described in paragraph 72.

77.     A collective action is the most appropriate method for the fair and efficient resolution of the matters alleged in Count I.

78.     At all relevant times, Defendant employed Plaintiff and the persons described in paragraph 72.

79.     At all relevant times, Defendant paid Plaintiff and the persons described in paragraph 72 to work.

80.     At all relevant times, Defendant has been an "employer" of Plaintiff and the persons described in paragraph 72, as the term "employer" is defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

81.     At all relevant times, Plaintiff and the persons described in paragraph 72 have been "employees" of Defendant as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

## CLASS ACTION ALLEGATIONS

82.     Plaintiff brings Counts II and III as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all other current and former hourly employees of Defendant who Defendant required to perform the work described herein without pay.

83.     With respect to Plaintiff's NYMWA claims, Plaintiff seeks to represent a class that is comprised of and defined as:

> All persons who worked for Defendant as telephone-dedicated employees, however titled, who were compensated, in part or in full, on an hourly basis in New York at any time between October 1, 2009 and the present who did not receive the full amount of overtime wages earned and owed to them (the "NYMWA Class").

84.     With respect to Plaintiff's NYPWA claim, Plaintiff seeks to represent a class that is comprised of and defined as:

> All persons who worked for Defendant as telephone-dedicated employees, however titled, who were compensated, in part or in full, on an hourly basis in New York at any time between October 1, 2009 and the present whose hourly rate exceeded the applicable New York minimum wage and who did not receive the full amount of wages earned and owed to them (herein the "NYPWA Class").

85.     This action is being brought as a class action pursuant to Fed. R. Civ. P. 23, because the NYMWA Class and the NYPWA Class are so numerous that joinder of all class members is impracticable.

86.     Plaintiff and the other members of the NYMWA and NYPWA Classes have been equally affected by Defendant's practice of not compensating employees for all time worked.

87.     Plaintiff and the other members of the NYMWA and NYPWA Classes have been equally affected by Defendant's failure to pay all earned wages to Plaintiff and the class members.

88.     Furthermore, members of the NYMWA and NYPWA Classes still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

89.     The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations that may exist between members of the Classes, if any.

90.     Plaintiff and the other members of the NYMWA and NYPWA Classes, as well as Defendant, have a commonality of interest in the subject matter and the remedy sought.

91.     Plaintiff is able to fairly and adequately represent and protect the interests of the other members of the NYMWA and NYPWA Classes.  Plaintiff's Counsel are competent and

experienced in litigating large wage and hour and other employment class actions.

92.     If individual actions were required to be brought by each member of the Classes injured or affected, the result would be a multiplicity of actions, creating a hardship to the members of the NYMWA and NYPWA Classes, to the Court, and to Defendant.  Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Classes are entitled.

93.     Plaintiff has retained counsel experienced in complex employment litigation and in class action litigation.

94.     Plaintiff and her counsel will fairly and adequately protect the interests of both classes.

**COUNT I – FLSA**
**(Failure to Pay Overtime Wages)**

95.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 81 as paragraph 95 of this Count I.

96.     Plaintiff, individually and on behalf of the members of the class described in paragraph 72, asserts claims for unpaid overtime pursuant to the FLSA.

97.     At any and all times relevant hereto, Defendant was an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

98.     At any and all times relevant hereto, Defendant was an "employer" of Plaintiff and the members of the class described in paragraph 72 within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

99.     At any and all times relevant hereto, Plaintiff and the members of the class described in paragraph 72 were "employees" of Defendant as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e)

100.    Plaintiff and the members of the class described in paragraph 72 were not paid for all time worked in excess of 40 hours in a week during the applicable statutory time period, in violation of the maximum hours provisions of the FLSA, 29 U.S.C. § 207.

101.    At all times relevant hereto, Defendant's failure to pay Plaintiff and the members of the class described in paragraph 72 premium pay for all time worked over 40 hours in a week was willful in that, among other things:

     a.    Defendant knew that the FLSA required it to pay time and one-half for all time worked over 40 hours in a week;

     b.    Defendant failed to maintain true and accurate time records; and

     c.    Defendant encouraged Plaintiff and other similarly situated employees to not record all time worked.

102.    As a direct and proximate result thereof, Plaintiff and the members of the class described in paragraph 72 are due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, by and through her attorneys, demands judgment against Defendant and in favor of Plaintiff in a sum that will properly, adequately and completely compensate her for the nature, extent and duration of her damages, the costs of this action and as follows:

     A.    Certify the class described in paragraph 72 and grant Plaintiff's counsel leave to send notice of this lawsuit to the members of the class and allow them the opportunity to opt-in as party plaintiffs pursuant to Section 16 of the FLSA, 29 U.S.C. § 216;

     B.    Declare and find that the Defendant committed one or more of the following acts:

          i.    Violated provisions of the FLSA for Plaintiff and all persons who opt-in as party plaintiffs; and

          ii.    Willfully violated provisions of the FLSA for Plaintiff and all persons who opt-in as party plaintiffs.

C.  Award compensatory damages, including all wages and overtime pay owed, in an amount according to proof;

D.  Award liquidated damages on all wages and overtime compensation due to Plaintiff and all persons who opt-in as party plaintiffs;

E.  Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

F.  Grant leave to amend to add claims under applicable state and federal laws to conform with the proofs at trial;

G.  Grant leave to add additional plaintiffs by motion or any other method approved by the Court to conform with the proofs at trial; and

H.  Grant such further relief as the Court deems just and equitable.

## COUNT II – NEW YORK MINIMUM WAGE ACT
### (Failure to Pay Earned Overtime Wages)

103.  Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 57, and 82 through 94 as paragraph 103 of this Count II, as if fully set forth herein.

104.  This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

105.  The matters set forth in this Count II arise from Defendant's violation of the overtime compensation provisions of the New York Minimum Wage Act, 12 NYCRR § 142-2.2.  Plaintiff brings this action on her own behalf and on behalf of the members of the NYMWA Class pursuant to N.Y. Lab. Law § 663.

106.  Defendant employed Plaintiff and other similarly situated telephone-dedicated workers as "employees," as the term "employee" is defined in Section 3(d) of the IMWL, 820 ILCS § 105/3(d).

107.  At all relevant times, Defendant was an "employer" of Plaintiff and other similarly situated telephone-dedicated workers, as the term "employer" is defined by the

NYMWA, N.Y. Lab. Law § 651.

108.   Pursuant to 12 NYCRR § 142-2.2, for all weeks during which Plaintiff and the members of the NYMWA Class worked in excess of 40 hours, Plaintiff and other members of the NYMWA Class were entitled to be compensated at one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

109.   Defendant did not pay Plaintiff and members of the NYMWA Class one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

110.   Defendant violated the New York Minimum Wage Act by refusing to compensate Plaintiff and the members of the NYMWA Class at one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

111.   Pursuant to N.Y. Lab. Law § 663, Plaintiff and the other members of the NYMWA Class are entitled to recover an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due.

WHEREFORE, Plaintiff and the other members of the NYMWA Class pray for a judgment against Defendant as follows:

A.   That the Court determine that this action may be maintained as a class action.

B.   A judgment in the amount of one and one-half times Plaintiff's and the other members of the NYMWA Class' regular rate for all time they worked in excess of 40 hours per week;

C.   Prejudgment interest pursuant to N.Y. Lab. Law § 663;

D.   Liquidated damages pursuant to N.Y. Lab. Law § 663;

E.   Reasonable attorneys' fees and costs incurred in filing this action; and

F.   Such other and further relief as this Court deems appropriate and just.

## COUNT III – NEW YORK PAYMENT OF WAGES ACT
### (Failure to Pay the Agreed Upon Rate For Work Assented to by Defendant)

112.    Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 57, and 82 through 94 as paragraph 112 of this Count III as if fully set forth herein.

113.    Plaintiff, individually and on behalf of all others similarly situated, brings this Count III to recover from Defendant unpaid wages, prejudgment interest, liquidated damages, attorneys' fees, and costs, pursuant to Section 198 of the New York Payment of Wages Act, N.Y. Lab. Law § 198.

114.    At all times relevant, and at Defendant's request, Plaintiff and the other members of the putative NYPWA Class performed work for Defendant.

115.    As set forth *supra*, Defendant assented to pay Plaintiff and the other members of the putative NYPWA Class at an agreed-upon hourly rate at or in excess of the applicable New York Minimum Wage Act hourly rate, for all work Defendant permitted and/or required.

116.    As set forth *supra*, Defendant assented to the hourly employees performing the work described above by, among other means, Defendant's knowledge and awareness of the pre- and post-shift work described herein, as well as the work performed during breaks.

117.    Defendant regularly observed, without objection or negative comment, the record and documentation of having Plaintiff and the other members of the putative NYPWA Class perform work prior to the start of their scheduled shift time, during breaks, and after the end of their scheduled shift time.

118.    During the course of their employment with Defendant, Plaintiff and similarly situated New York employees had an agreement with Defendant within the meaning of the NYPWA to be compensated for all time worked at the rates agreed to by the parties.  Defendant did not pay Plaintiff or similarly situated New York employees for all hours worked at the rates

agreed to by the parties as described herein.

119.    Plaintiff and the other putative NYPWA Class members were entitled to be paid for all time worked at the rate agreed to by the parties.

120.    When Defendant hired Plaintiff and the other members of the putative NYPWA Class and advised them of the specific hourly rate they would be paid, Defendant did not inform Plaintiff and the other members of the putative class that they would not be paid for all the work Defendant required and/or permitted.

121.    Defendant has failed to pay Plaintiff and the other members of the putative NYPWA Class the full amount due for all time worked on their regularly scheduled paydays, including but not limited to their final compensation, because Defendant did not pay them for the work described herein, in violation of the NYPWA, N.Y. Lab. Law § 191.

122.    Defendant has failed to pay Plaintiff and the putative NYPWA Class the full amount for all hours worked because of the improper practices described herein.

123.    New York Labor Law § 190(1) defines wages as "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis".

124.    New York Labor Law § 191(1)(d) requires employers to pay employees all wages earned by an employee "in accordance with the agreed terms of employment, but not less frequently than semi-monthly, on regular pay days designated in advance by the employer." New York Labor Law § 191(3) provides that "[i]f employment is terminated, the employer shall pay the wages not later than the regular pay day for the pay period during which the termination occurred, as established in accordance with the provisions of this section."

125.    Defendant violated the NYPWA by regularly and repeatedly failing to properly

compensate Plaintiff and the other putative NYPWA Class members for the actual time they worked each week in accordance with the agreed terms of employment on their regular pay days, and by failing to properly compensate Plaintiff and the putative NYPWA Class members their rightful wages by the next regular pay day after their termination.

126.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the other putative NYPWA class have suffered and will continue to suffer lost wages and other damages.

WHEREFORE, Plaintiff and the other members of the NYPWA Class pray for a judgment against Defendant as follows:

A.   That the Court determine that this Count III may be maintained as a class action;

B.   A judgment in the amount of all back wages due, as provided by the New York Payment of Wages Act;

C.   Prejudgment interest pursuant to N.Y. Lab. Law § 198;

D.   Statutory damages pursuant to the formula set forth in N.Y. Lab. Law § 198;

E.   Reasonable attorneys' fees and costs incurred in filing this action; and

F.   Such other and further relief as this Court deems appropriate and just.

Dated: October 1, 2015

GLANCY PRONGAY & MURRAY LLP

_____
Brian P. Murray
122 E 42nd Street
Suite 2920
New York, NY 10168
Tel: (212) 682-5340
Email: bmurray@glancylaw.com

James X. Bormes
Catherine P. Sons
**LAW OFFICE OF JAMES X. BORMES, P.C.**
8 South Michigan Avenue
Suite 2600
Chicago, Illinois  60603
(312) 201-0575

Thomas M. Ryan
**LAW OFFICE OF THOMAS M. RYAN, P.C.**
35 East Wacker Drive
Suite 650
Chicago, Illinois  60601
(312) 726-3400