# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

EDDITH GETHERS-TRENT, individually
and on behalf of all others similarly situated,

                                    Plaintiff,

            -against-                                          Civ. No.: 7:15-cv-07743 (VB)

ORTHONET, LLC,

                                    Defendant.
-------------------------------------------------------------x

## NEGOTIATED SETTLEMENT AGREEMENT

*WHEREAS*, Plaintiff Eddith Gethers-Trent (herein "Plaintiff") and Defendant Orthonet, LLC (herein "Defendant"), desire to resolve the above-captioned matter without further litigation or adjudication and the costs and expenses attendant thereto; and

*WHEREAS*, Plaintiff and Defendant (together herein "the Parties") understand and agree that Defendant denies each and every allegation of wrongdoing asserted against it in the above-captioned action, including but not limited to, all such allegations contained in the Plaintiff's Complaint, and in any other papers prepared, filed, served, mailed or telefaxed, electronically or otherwise, by Plaintiff or on her behalf in this action; and

*WHEREAS*, the Parties understand and agree that neither the making of this Negotiated Settlement Agreement ("Agreement"), the General Release attached hereto as **Exhibit A**, or the Stipulation And Order Of Dismissal With Prejudice attached hereto as **Exhibit B**, nor anything contained in these documents, shall in any way be construed or considered to be an admission by Defendant or any Releasee identified in this Agreement of guilt, wrongdoing, liability or culpability, or noncompliance with any federal, state, city, local or other statute, constitution, administrative code, public policy, wage-hour law, wage-payment law, tort law, contract, contract law, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever; and

*WHEREAS*, Plaintiff desires freely and voluntarily to enter into this Agreement and the Stipulation And Order Of Dismissal With Prejudice attached hereto as **Exhibit B**, and Plaintiff freely and voluntarily executes her respective General Release attached hereto as **Exhibit A** in exchange for the promises contained herein; and

*WHEREAS*, the terms and implications of this Agreement, the General Release attached hereto as **Exhibit A**, and the Stipulation And Order Of Dismissal With Prejudice attached hereto as **Exhibit B** have been explained to the Parties by their respective legal counsel; and

*WHEREAS*, the Court has made no findings as to the merits of this action; and

*NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES THAT:*

1.      In exchange for the promises made by or on behalf of Defendant in Paragraph "2" below and in the other provisions of this Agreement:

(a)     Plaintiff authorizes her counsel to execute and deliver to Defendant this Negotiated Settlement Agreement and the General Release attached hereto as **Exhibit A**, and she authorizes her attorneys to execute the Stipulation And Order Of Dismissal With Prejudice attached hereto as **Exhibit B**;

(b)     Plaintiff affirms that she has not filed or caused to be filed, and she is not presently a party to, any claim against Defendant or any of the Releasees other than the Lawsuit. Additionally, Plaintiff is not presently aware of any grounds for claims against Defendant or Releasees other than those put forth by Plaintiff in the Complaint she filed in the Lawsuit and otherwise described below. Accordingly, and in exchange for the additional consideration to Plaintiff as set forth herein and in sub-Paragraph 2(a)(ii) below, Plaintiff shall execute and deliver through counsel to Defendant a General Release of all claims in the form attached hereto as **Exhibit A**;

(c)     Plaintiff shall withdraw, in writing and with prejudice, all complaints, suits, actions, charges, claims and/or other legal proceedings she has instituted against Defendant and any Releasee (identified herein), including but not limited to Plaintiff's claims in the above-captioned action pending in U.S. District Court for the Southern District of New York, Case No. 15-cv-07743 (VB) (hereinafter "the Lawsuit"). Plaintiff authorizes her counsel to

2

execute the Stipulation And Order Of Dismissal With Prejudice attached hereto as **Exhibit B.** Plaintiff affirms that she has not instituted any complaint, suit, action, charge or other legal proceeding against Defendant or any Releasee identified in this Agreement that currently is pending other than the Lawsuit. If for any reason any other complaint, suit, action, charge, claim or other legal proceeding Plaintiff has instituted against Defendant or any Releasee (identified herein) is not wholly and finally dismissed with prejudice, Plaintiff shall not, to the extent permitted by law, voluntarily testify, provide documents or otherwise participate, or permit others to participate on her behalf, in any such litigation, investigation or other proceeding arising therefrom or associated therewith, and shall obtain or accept any recovery or relief therefrom;

(d)      Except as may be prohibited by law, Plaintiff shall not institute or be represented in, nor shall she submit or file, or permit to be submitted or filed on her behalf, any lawsuit, charge, claim, complaint or other legal action or proceeding against Defendant or any of its parent corporations, subsidiaries, divisions, affiliates and insurers, and the current and former employees, officers, directors, trustees, administrators, executors, agents, legal representatives, employee benefit plans, fiduciaries, shareholders, predecessors, successors and assigns of each, both individually and in their official capacities (collectively referred to herein as "Releasees"), based upon any conduct occurring up to and including the date Plaintiff executes this Negotiated Settlement Agreement and the General Release attached hereto as **Exhibit A,** whether an individual action or a class action, with any administrative agency, court or other forum, under any federal, state, city, local or other laws, rules, regulations, codes or guidelines. After consultation with counsel, Plaintiff knowingly and voluntarily releases and forever discharges Defendant and Releasees of and from any and all claims, known or unknown, that she has or may have consistent with the terms of the General Release attached hereto as **Exhibit A;**

(e)      Plaintiff shall not voluntarily assist any individual in commencing or prosecuting any action or proceeding against Defendant or any Releasee, including, but not limited to, any complaint and/or any lawsuit, counter-claim, or cross-claim in federal, state or local court, or arbitration proceeding, or administrative complaint or charge, and shall not accept any relief or recovery therefrom. This prohibition applies to every stage of any proceeding, including any charge, complaint, trial, pretrial preparation, pre-litigation fact gathering, and bars Plaintiff from testifying, providing documents or information, advising, counseling or providing any other form of assistance to any person who wishes to make or who is making any claim against

3

Defendant or any Releasee, except in an investigation or proceeding conducted by the EEOC, any other agency of the United States government, by order of a court of competent jurisdiction, or if otherwise prohibited by law. If Plaintiff is served with a subpoena, court order or other legal process requiring Plaintiff to engage in some activity inconsistent with this provision, she will notify Defendant's legal counsel, Jonathan M. Kozak, Esq., Jackson Lewis P.C., 44 South Broadway, 14th Floor, White Plains, New York, 10601, Facsimile 914-946-1216. Such notice shall be provided by Plaintiff in writing to Defendant's counsel within three (3) business days, so that Defendant's counsel and/or the Releasees may take any action they deem appropriate regarding the subpoena or court order;

(f)     Plaintiff understands and agrees that the Settlement Amount (described in Paragraph "2" below) is in full satisfaction of any and all obligations Defendant or Releasees may have with respect to Plaintiff's claims for alleged unpaid wages, liquidated damages, interest and attorneys' fees under the wage and hour provisions of the New York State Labor Law, the Fair Labor Standards Act, and/or any other applicable wage hour and wage payment laws, rules or regulations for anything that has occurred up to the date Plaintiff executes this Settlement Agreement. Plaintiff further affirms that: (1) she has no known workplace injuries or occupational diseases, (2) she has not alleged retaliation for reporting any allegations of corporate fraud against Defendant, any of Defendant's officers or any other Releasee, and (3) she has not alleged that any of Defendant's decisions regarding her pay and benefits during her employment through the date of her separation of employment were discriminatory based on age, disability, race, color, sex, religion, national origin or any other classification protected by law.

2.     In exchange for the promises made by Plaintiff contained in Paragraph "1" above, in the General Release attached hereto as **Exhibit A** and in the other provisions of this Agreement, Defendant agrees as follows:

(a)     to provide to Plaintiff, through its counsel, the total settlement sum of Thirteen Thousand Five Hundred Dollars and No Cents ($13,500.00) ("the Settlement Amount") in consideration for and in full satisfaction of all claims Plaintiff has or may have against Defendant or any other Releasee, whether known or unknown, asserted or unasserted for any act, omission, transaction or occurrence which has taken place up to and including the date of execution

4

of this Agreement. The Settlement Amount will be divided among Plaintiff and her counsel as follows:

        i.     One check payable to "Eddith Gethers-Trent" in the amount of One Thousand Two Hundred Fifty Dollars and No Cents ($1,250.00), subject to all lawful tax withholdings, as payment for alleged wages, which shall be reportable to Plaintiff on an IRS Form W-2;

        ii.    One check payable to "Eddith Gethers-Trent" in the amount of One Thousand Two Hundred Fifty Dollars and No Cents ($1,250.00), as payment for alleged liquidated and other nonwage damages, which shall be reportable to Plaintiff on an IRS Form 1099; and

        iii.   One check payable to "Law Office of James X. Bormes, P.C." as counsel for Plaintiff in the amount of Eleven Thousand Dollars and No Cents ($11,000.00), as payment for Plaintiff's alleged attorneys' fees, which shall be reportable to Plaintiff and her attorneys on an IRS Form 1099. Law Office of James X. Bormes, P.C.'s will provide its Tax ID number to Defendant's counsel to facilitate this payment.

        (b)    The checks provided by sub-Paragraphs 2(a)(i)-(iii) will be provided to Plaintiff's counsel within Ten (10) days after Defendant's counsel has received from Plaintiff's counsel this Negotiated Settlement Agreement and the General Release attached hereto as **Exhibit A** properly executed by Plaintiff, and the Stipulation And Order Of Dismissal With Prejudice attached hereto as **Exhibit B** executed by Plaintiff's counsel, provided that the Court has "So Ordered" the Parties' Stipulation And Order Of Dismissal With Prejudice.

        (c)    Regardless of any tax withholding or other deductions by Defendant from the Settlement Amount, Plaintiff must ensure that her respective shares of any and all tax obligations relating to the payments made hereunder are properly filed and/or paid. In the event that any federal, state or local taxing authority or court determines that taxes, interest and/or penalties are due and owing as a result of any non-payment by Plaintiff of her respective share of said taxes, any interest, penalties or other liabilities shall be the sole obligation and liability of Plaintiff, who shall hold harmless, indemnify and defend Defendant.

3.      Plaintiff understands and agrees that Defendant has asserted defenses to the claims alleged in the Lawsuit.  Plaintiff hereby agrees and acknowledges that this Negotiated Settlement Agreement is a "no fault" settlement in light of disputed claims, and that nothing contained herein (or in the attachments to this document) shall constitute or be treated as an admission of any liability or wrongdoing by Defendant.  Plaintiff further understands and agrees that she would not be entitled to receive the monies specified in Paragraph "2" above, except for her execution of this Negotiated Settlement Agreement and the General Release attached hereto as **Exhibit A**, her authorization to have her attorneys execute the Stipulation And Order Of Dismissal With Prejudice attached hereto as **Exhibit B**, and her fulfillment of all the promises contained herein and in the General Release.

4.      The Lawsuit shall be dismissed against Defendant, in its entirety and with prejudice to Plaintiff, upon the Parties' counsels' execution of the Stipulation And Order Of Dismissal With Prejudice and the Court having "So Ordered" the same.  Upon receipt of the executed Negotiated Settlement Agreement, the Stipulation And Order Of Dismissal With Prejudice in the form attached hereto as **Exhibit B**, and the executed General Release attached hereto as **Exhibit A**, Defendant's counsel shall sign the Stipulation And Order Of Dismissal With Prejudice, and Plaintiff's counsel shall prepare and file an application requesting judicial approval of the Parties' settlement.

5.      Except as provided herein, the Parties shall bear their own attorneys' fees, costs and disbursements and there shall be no application to any Court by any Party or by any attorney representing any Party for attorneys' fees, costs and/or disbursements.

6.      This Negotiated Settlement Agreement and the General Release attached hereto as **Exhibit A** shall be governed and conformed in accordance with the laws of the State of New York, without regard to the State's conflict of laws provisions or any federal common law conflict of laws principles. The Parties expressly consent that any action or proceeding relating to the enforcement of this Agreement and/or to the enforcement of the General Release attached hereto as **Exhibit A** will only be brought in a court located in the State of New York, and that any such action or proceeding will be heard without a jury or an advisory jury. The Parties expressly waive their right to bring any such action or proceeding in any other jurisdiction, or to have any such action or proceeding heard before a jury or an advisory jury.  Should any provision of this

6

Negotiated Settlement Agreement and/or the General Release be declared illegal or unenforceable by any court of competent jurisdiction, and such provision cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Negotiated Settlement Agreement and the General Release in full force and effect.

7.    This Negotiated Settlement Agreement may not be modified, altered or changed, except upon express written consent of all parties.

8.    This Negotiated Settlement Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between Plaintiff and Defendant.  Plaintiff acknowledges she has not relied on any representations, promises or agreements of any kind made to her in connection with her decision to sign this Negotiated Settlement Agreement, except for those set forth in this Negotiated Settlement Agreement.

9.    Each of the Parties has participated in negotiating and drafting this Negotiated Settlement Agreement, the General Release attached hereto as **Exhibit A**, and the Stipulation And Order Of Dismissal With Prejudice attached hereto as **Exhibit B** after consulting with legal counsel.  Accordingly, no Party shall maintain that the language of this Negotiated Settlement Agreement, the General Release attached hereto as **Exhibit A**, or the Stipulation And Order Of Dismissal With Prejudice attached hereto as **Exhibit B** should be construed in any way by reason of the other Party's putative role as the drafter of any of these documents. For example, no ambiguity in any of these documents, if any, shall be construed against any Party based upon any claim that any Party drafted the ambiguous language.

10.    This Negotiated Settlement Agreement may be executed in several counterparts, each of which shall serve as an original as against any Party who signed it, and all of which taken together shall constitute one and the same document.  A copy, facsimile or pdf copy of a party's signature on this Negotiated Settlement Agreement shall be deemed an original and shall be accepted in any action against that party to enforce this Negotiated Settlement Agreement.

PLAINTIFF HEREBY CONFIRMS THAT SHE HAS BEEN AFFORDED A REASONABLE PERIOD OF TIME TO CONSIDER THIS NEGOTIATED

SETTLEMENT AGREEMENT AND THE GENERAL RELEASE ATTACHED HERETO
AS *EXHIBIT A*.

HAVING ELECTED TO EXECUTE THIS NEGOTIATED SETTLEMENT
AGREEMENT AND THE GENERAL RELEASE ATTACHED HERETO AS *EXHIBIT A*,
TO FULFILL THE PROMISES SET FORTH HEREIN THAT PERTAIN TO PLAINTIFF,
AND TO RECEIVE THEREBY THE CONSIDERATION SET FORTH IN PARAGRAPH
"2" ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE
CONSIDERATION AND CONSULTATION WITH COUNSEL, VOLUNTARILY
ENTERS INTO THIS SETTLEMENT AGREEMENT AND THE ACCOMPANYING
GENERAL RELEASE.

IN WITNESS WHEREOF, the undersigned Parties hereto knowingly and
voluntarily executed this Settlement Agreement as of the dates set forth below:

PLAINTIFF:

2/29/16
Date

Eddith Gethers-Trent

DEFENDANT:

3/1/16
Date

By:

Michael H. Singer
Executive Vice President and General Counsel
OrthoNet, LLC

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
............................................................X

EDDITH  GETHERS-TRENT,  individually
and on behalf of all others similarly situated,

Plaintiff,

-against-                                         Civ. No.: 7:15-cv-07743 (VB)

ORTHONET, LLC,

Defendant.
............................................................X

## GENERAL RELEASE

      TO ALL IN WHOM THESE PRESENTS SHALL COME OR MAY CONCERN,
KNOW THAT PLAINTIFF EDDITH GETHERS-TRENT, AS RELEASOR, in consideration of
the promises made by Defendant OrthoNet, LLC ("Defendant") to provide RELEASOR, through
her counsel, with the Settlement Amount and other articulated consideration, in the manner and
within the time periods described in Paragraph 2 of the Parties' Negotiated Settlement Agreement
in return for RELEASOR'S complete release of all statutory, contract, tort and all other claims
against Defendant and any of its parent corporations, subsidiaries, divisions, affiliates and insurers,
co-employers, and the current and former employees, officers, directors, trustees, administrators,
executors, agents, legal representatives, employee benefit plans, plan fiduciaries and
administrators (whether in-house or third-party), shareholders, predecessors, successors and
assigns of each, both individually and in their official capacities (collectively referred to herein as
"RELEASEES"); RELEASOR releases and forever discharges RELEASEES to the fullest extent
permitted by law from all actions, causes of action, suits, debts, dues, sums of money, accounts,
reckonings, bonds, bills, specialties, covenants, contracts, bonuses, controversies, agreements,
promises, variances, trespasses, damages, judgments, extents, executions, obligations, grievances,
claims, charges, complaints, claims for attorneys' fees and/or costs, and demands whatsoever, in
law or in equity, known or unknown, which RELEASOR, RELEASOR'S heirs, executors,
administrators, successors and/or assigns may now have or hereafter can, shall or may have for,
upon or by reason of any matter, cause or thing whatsoever against RELEASEES based upon any
conduct occurring from the beginning of the world up to and including the day of the date of this
GENERAL RELEASE including, but not limited to: any claims arising under or pursuant to the
United States Constitution, the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; the Immigration
and Nationality Act, 8 U.S.C. § 1101 et seq., the Employee Retirement Income Security Act of
1974, 29 U.S.C. § 1001 et seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et
seq., Sections 1981 through 1988 of Title 42 of the United States Code, 42 U.S.C. §§ 1981-1988,
the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., the Americans with Disabilities Act of
1990, 42 U.S.C. § 12101 et seq., the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et
seq., the Equal Pay Act, the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C.
§ 1161 et seq., I.R.C. § 4980B, the Fair Credit Reporting Act, 15  U.S.C. § 1681 et seq., the

Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq., the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. § 2000ff et seq., the False Claims Act, 31 U.S.C. § 3729 et seq., the New York State Constitution, the New York Human Rights Law, New York Executive Law § 290 et seq., the New York City Human Rights Law, New York City Charter and Administrative Code, Title VIII, § 8-107 et seq., the New York Civil Rights Law, New York Civil Rights Law § 1 et seq., the New York Equal Pay Law, New York Labor Law §§ 194-198, the New York Whistleblower Law, New York Labor Law § 740 et seq., the New York Legal Activities Law, New York Labor Law § 201-d, the non-discrimination and/or anti-retaliation provisions of the New York Workers' Compensation Law, New York Workers' Compensation Law § 120 and § 125 et seq., New York Labor Law § 190 et seq., the New York occupational safety and health laws, the New York wage-hour and wage-payment laws, and/or any other federal, state, city, local or other human rights, civil rights, wage-hour, wage-payment, immigration, pension, employee benefits, labor, employment or other laws, rules, regulations, codes, guidelines, constitutions, ordinances, public policy, contract laws or tort laws; any claim for employment discrimination, harassment, retaliation, wrongful termination, constructive discharge, refusal to hire, pain and suffering, mental anguish, breach of contract (whether written, express or implied), promissory estoppel, lost wages and/or incentive compensation, lost employee benefits, lost future wages and/or incentive compensation, lost future employee benefits, compensatory damages, liquidated damages, punitive damages, incidental damages, special damages, interest, attorneys' fees and/or costs; any claim arising under the common law; and/or any other action or proceeding; and shall not seek or accept any award or settlement from any such source or proceeding. However, nothing in this GENERAL RELEASE will prohibit RELEASOR from instituting legal proceedings to enforce the terms of the Parties' Negotiated Settlement Agreement. RELEASOR understands this General Release includes all claims related in any manner to RELEASOR's employment or the cessation of that employment with Defendant. If any claim is not subject to release, to the extent permitted by law, RELEASOR waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendant or any other Releasee identified in this General Release is a party;

RELEASOR hereby confirms that she has been afforded a reasonable period of time to consider the Parties' Negotiated Settlement Agreement and this General Release. Having elected to execute the Settlement Agreement and this General Release, to fulfill the promises set forth therein that pertain to RELEASOR, and to receive thereby the consideration set forth therein, RELEASOR freely and knowingly, and after due consideration and consultation with her counsel, voluntarily enters into this General Release, intending to waive, settle and release any and all claims RELEASOR has or might have against RELEASEES.

This GENERAL RELEASE may only be changed by the mutual written agreement of RELEASOR and Defendant.

In Witness Whereof, RELEASOR has hereunto set her hand on the date set forth below:

_____
Eddith Gethers-Trent

2

STATE OF _Illinois_ )
                            ) SS.:
COUNTY OF _Cook_ )

On _February 29_, 2016 before me personally came Eddith Gethers-Trent, and acknowledged that she has read the foregoing GENERAL RELEASE and fully understood its terms and conditions, and executed the same as her free act and deed.

_____
Notary Public

OFFICIAL SEAL
D. A. SLAYTON
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Dec 20, 2016

3

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

EDDITH GETHERS-TRENT,  individually
and on behalf of all others similarly situated,

                                        Plaintiff,

                -against-                                    Civ. No.:  7:15-cv-07743 (VB)

ORTHONET, LLC,

                                        Defendant.
------------------------------------------------------------x

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED, by and between by and between
Plaintiff Eddith Gethers-Trent (herein "Plaintiff"), and Defendant Orthonet, LLC (herein
"Defendant"), through their undersigned attorneys who state that they have been authorized to
enter into this Stipulation, that the Parties have agreed to amicably resolve any and all claims by
Plaintiff against Defendant in this action, including claims under the Fair Labor Standards Act, 29
U.S.C. § 201 et seq., and have authorized their undersigned counsel to stipulate, consent and agree
to dismiss the instant action with prejudice to Plaintiff. No attorneys' fees or costs will be awarded
to any party by the Court, except as provided in the Parties' Negotiated Settlement Agreement.
The terms of the Parties' Negotiated Settlement Agreement have been presented for review and
approval by the Court.

                                        *ATTORNEYS FOR PLAINTIFF:*

Dated: _____, 2016          By: _____
                                        James X. Bormes, P.C.
                                        Law Office of James X. Bormes, P.C.
                                        8 South Michigan Avenue, Suite 2600
                                        Chicago, Illinois  60603
                                        Tele. (312-201-0575)
                                        Bormeslaw@sbcglobal.net

*ATTORNEYS FOR DEFENDANT*

Dated: 3/2 , 2016          By: _____

Jonathan M. Kozak
Jackson Lewis P.C.
44 South Broadway, 14th Floor
White Plains, New York 10601
Tele. (914) 872-8060
Jonathan.Kozak@jacksonlewis.com

The Court hereby approves the settlement and dismissal of the instant action with prejudice.

SO ORDERED this ___ day of _____, 20___.

_____

Hon. Vincent L. Briccetti
United States District Judge

2